**BUCKLEYSANDLER LLP**
RICHARD E. GOTTLIEB (State Bar No. 289370)
rgottlieb@buckleysandler.com
FREDRICK S. LEVIN (State Bar No. 187603)
flevin@buckleysandler.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Phone: (310) 424-3900
Facsimile: (310) 424-3960

Attorneys for Petitioner Desside Holdings Limited

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESSIDE HOLDINGS LIMITED,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>MEGAWINE, INC., VADIM L. TOMCHIN, NATALIA LUKINA, GRANDPOINT BANK, and CITY NATIONAL BANK,<br><br>　　　　　Respondents. | Case No. 13-cv-8211-JAK-JCG<br><br>**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO COMPEL MEGAWINE, INC. TO COMPLY WITH THIS COURT'S LAWFUL SUBPOENA AND TO DESIST FROM FURTHER SPOLIATION OF EVIDENCE**<br><br>[Filed Concurrently with Notice of Motion and Motion to Compel and Declaration of Fredrick S. Levin in Support of *Ex Parte* Application and Motion to Compel]<br><br>Date:　　N/A<br>Time:　　N/A<br>Ctrm.:　　N/A |

**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

**PLEASE TAKE NOTICE** that on January 10, 2014, or as soon thereafter as it may be heard, Desside Holdings Limited ("Desside") will appear before this Court and present its **EX PARTE APPLICATION TO COMPEL MEGAWINE, INC. TO COMPLY WITH THIS COURT'S LAWFUL SUBPOENA AND TO DESIST FROM FURTHER SPOLIATION OF EVIDENCE.**

This Application is supported by: (1) Memorandum of Points and Authorities supporting the need for *Ex Parte* relief, (2) its Notice of Motion and Motion To Compel Megawine, Inc. To Comply With This Court's Lawful Subpoena And To Desist From Further Spoliation Of Evidence, and (3) the Declaration of Fredrick S. Levin In Support thereof, such argument as the Court shall allow on the Ex Parte Application or the Motion to Compel, and the complete files and records of this action.

Dated: January 10, 2014

**BUCKLEYSANDLER LLP**

By:  /s/ Fredrick S. Levin

Richard E. Gottlieb (SBN 289370)
Fredrick S. Levin (SBN 187603)
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Phone: (310) 424-3900
Facsimile: (310) 424-3960

**BUCKLEYSANDLER LLP**
100 WILSHIRE BLVD., SUITE 1000
SANTA MONICA, CA 90401

1

**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

By this motion, Desside Holdings Limited ("Desside") is requesting *ex parte* relief to enforce its Subpoena because Megawine, Inc. ("Megawine") *has already taken steps to conceal, modify, and/or destroy evidence requested by the subpoena* and is using the evidence so modified to mislead this Court. Delay in compelling Megawine's compliance with the Subpoena poses the danger that Megawine will continue this course of action, depriving Desside of evidence that is critical to its claims.

### Background

As this Court has already found, Desside seeks discovery from Megawine in aid of Desside's collection action pending in St. Petersburg, Russia against Russian Joint Stock Company Mozel ("Mozel") to recover almost $30 million of defaulted loans. (Order granting Ex Parte Application Re Renewed Petition For An Order Under 28 U.S.C. § 1782(a) (Dkt. 16), p. 1) (the "Order"). In its Renewed Petition, Desside sought discovery from Megawine because Megawine "maintained a 'continuous course of dealing with Mozel involving the sale and export of wine and spirits from the United States to Russia." (*Id.*) Among other things, Desside alleges that between 2006 and 2011, Mozel instructed Desside, pursuant to the parties' loan agreements, to wire millions of dollars (and Euros) to Megawine to pay for shipments from Megawine to Mozel. (*Id.*, p. 4; *see also* Renewed Petition, ¶¶ 45-47.) In the Russian court proceedings, Mozel has remarkably denied receiving, whether directly or indirectly, *any* of those moneys. In its Renewed Petition, Desside showed that its subpoena to Megawine "is limited to Megawine business dealings with Mozel and Desside, in order to address or refute Mozel's denials that it received any funds from Desside and that it directed draws from its Credit Lines to be paid to Megawine or its other 'suppliers.'" (Memorandum of Law in Support of Desside's Renewed Petition, Dkt. No. 10, p. 21). This Court agreed, noting "these requests do not appear unduly intrusive or burdensome. They are limited to

2

**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

information about the activities and relationships that are relevant to the action in Russia." (Order, p. 4.)

Desside also sought, and this Court granted, discovery against additional persons residing in the Central District of California. They are Vadim Tomchin, his wife, Natalia Lukina, and two of Megawine's banks, City National Bank and Grandpoint Bank (f/k/a First Commerce Bank) – the ones to which Desside wired funds to the credit of Megawine.

Tomchin and his wife, Natalia Lukina, are the tether that links Megawine to Mozel. Tomchin, a resident of Southern California, is the CEO of Mozel and also a longtime officer, director and shareholder of Megawine. Until recently, Megawine's website listed Lukina as the contact point for its export department.

### Megawine's Concealment

As a direct result of Desside's U.S. discovery efforts, Megawine has affirmatively taken steps to conceal the interlocking relationship between Mozel and Megawine. Desside has uncovered evidence that Megawine has already taken steps to delete, remove or "scrub" corporate documents demonstrating the company's extensive links to Mozel owner Vadim Tomchin and wife Natalia Lukina. (Levin Decl. ¶¶ 4-14, 22, & 23.) This manipulated evidence forms the basis for Megawine's refusal to comply with the Subpoena and its Motion To Quash Subpoena To Testify At A Deposition In A Civil Trial And Produce Document ("Motion To Quash" (Dkt. No. 17)) filed on January 2, 2014, which motion, as demonstrated below, constitutes a clear effort to deceive the Court.

In particular, in anticipation of this Court granting its Petition under 28 U.S.C. § 1782 to serve discovery on Megawine, Desside served Megawine with an evidence preservation demand on *November 20, 2013*.[1] The demand requests that Megawine

---

[1] A copy of the preservation demand along with proof of personal and facsimile service on November 20, 2013 is attached to the Supporting Declaration of Fredrick S. Levin as Exhibit A.

3

**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

1  "immediately preserve all documents, data and information relating to, among other
2  things, "Vadim L. Tomchin's personal involvement in the operations of Megawine."
3  It also requests that Megawine preserve all documents relating to its "ownership and
4  management structure" and its bank accounts, including its account with Grandpoint
5  Bank. Rather than preserve this information, Megawine set out immediately to
6  fabricate evidence that Tomchin and Lukina had no involvement at all with
7  Megawine.

8        Within hours of receiving the document preservation demand, Megawine took
9  steps to conceal Tomchin's (and wife Lukina's) long-time connections with
10 Megawine dating back to at least 2002. Indeed, since 2002, and during the entire
11 time that Desside was wiring funds to Megawine, Tomchin has served as both an
12 officer and director of Megawine. Moreover, just two months before the document
13 preservation letter, Megawine's corporate Statement of Information, filed with the
14 California Secretary of State on September 16, 2013, listed Tomchin as its Chief
15 Financial Officer. (Levin Decl., Ex. C (California Statement of Information).)
16 Similarly, Megawine's Arizona corporate filings list Tomchin as the treasurer, and
17 one of two directors of Megwine, as of April 16, 2013, and states further that he has
18 held these positions with Megawine for eleven years – since September 22, 2002.
19 (Levin Decl., Ex. D (Arizona Corporate Annual Report & Certificate of
20 Disclosure).)

21       Desside's document preservation letter apparently set off panic within
22 Megawine. The very next morning, at 10:48 a.m., Megawine faxed a revised
23 Statement of Information to the California Secretary of State removing any reference
24 to Mr. Tomchin, and replacing him with Boris Shats. (*See* Megawine's Revised
25 California Statement of Information, Dkt. 17-2 ("Shats Declaration")).

26       Megawine's deception is not limited to the amended California Statement of
27 Information. Evidence produced by one of the subpoenaed banks, Grandpoint,
28 reveals that Megawine also immediately altered its Corporate Authorization

**BUCKLEYSANDLER LLP**
100 WILSHIRE BLVD., SUITE 1000
SANTA MONICA, CA 90401

4

**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

Resolution to remove any reference to Tomchin. (*See* Levin Decl., Ex. F (Corporate Authorization Resolution by Megawine to First Commerce Bank k/n/a Grandpoint Bank dated *October 25, 2002* (listing Tomchin as treasurer); compare with Levin Decl., Ex G (Corporate Authorization Resolution by Megawine Grandpoint Bank dated November 22, 2013 (removing Tomchin and listing only Boris Shats)).[2]

Moreover, the deception was extended to Megawine's corporate website. Up until the moment of Desside's preservation letter, Megawine's website listed Natalia Lukina, Tomchin's wife, as its point of contact for the company's "Export" Department. (*See* Levin Decl., B (Archived copy of Megawine's website as of January 2013)). Shortly thereafter, Megawine altered its website to remove the reference to Lukina. (*See* Levin Decl., Ex. K (website as it now appears)).

## Megawine's Fraud On This Court

After altering its records and website to remove any reference to Tomchin and Tomchin's wife, Megawine then filed its Motion To Quash Desside's Subpoena. Motion To Quash Subpoena To Testify At A Deposition In A Civil Trial And Produce Document ("Motion To Quash" (Dkt. No. 17)). Megawine supported its motion with the sworn Declaration of Boris Shats (Dkt. No. 17-1).

The centerpiece of Megawine's argument for quashing the subpoena is the denial of its relationship with Tomchin and Lukina:

> Desside contends that Tomchin is the CEO of both Megawine and Mozel, Lukina is Tomchin's spouse and the head of Megawine's Export Department." The only true things about the foregoing statement are that Lukina and Tomchin are married, and Vadim Tomchin may be the CEO of Mozel. However, Mr. Tomchin is not the CEO of Megawine nor was he ever the CEO or President. [Please see the Boris Shats' Declaration] His spouse *is*

---

[2] Megawine bank statements produced by Grandpoint Bank confirm as true Desside's allegations that it wired money to Megawine. The records produced so far confirm that Megawine received all of the funds that Desside claims to have wired dating back to 2007. Grandpoint Bank has not yet produced Megawine's bank statements for 2006, but Desside fully expects that those records, when produced, will likewise confirm that Megawine received the funds alleged by Desside. (*See* Levin Decl., Ex. L (copies of the bank statements)).

5

**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

BUCKLEYSANDLER LLP
100 WILSHIRE BLVD., SUITE 1000
SANTA MONICA, CA 90401

> not the head of Megawine's Export Department. Neither Mr. Tomchin nor Ms. Lukina *are* employees, officers or shareholders of Megawine, Inc. [Shats' Decl] There are no *current* business ties between Megawine, Inc. and Mr. Vadim Tomchin, Ms. Natalia Lukina or JSC Mozel. (Shats' Decl).[3]

Dkt. No. 17, p. 4 (emphasis added). Shats, in his sworn Declaration, attests to the foregoing and attaches as proof of his statement *the very California filing that Megawine altered on the morning after receipt of Desside's document preservation demand.* (*See* Dkt. 17-2, Megawine Revised California Statement of Information.) Of course, neither the Motion to Quash nor the Shats Declaration discloses to the Court the lengths to which Megawine and Shats went to conceal Megawine relationship with Tomchin during the 11 preceding years or that such steps at concealment were initiated immediately after Desside notified Megawine that it would be seeking evidence of that relationship through the processes of this Court and demanded that the evidence of that relationship be preserved.

Motions may be filed *ex parte* when "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."[4] *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). This Court has held that irreparable prejudice is limited to "instances in which: (1) there is the threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion …" *Morales v. Prolease PEO, LLC*, 2011 WL 6740329, at *1 (C.D. Cal. 2011) (citing *In re Intermagnetics*

---

[3] Desside believes that Tomchin not only owns Megawine, in whole or in part, but that he likewise controls the company as a *de facto* CEO. Based on the alteration of evidence that has already taken place, it is now exceedingly unlikely, however, that Megawine or Tomchin will testify truthfully in this regard. It is likewise probable that the company has taken steps to destroy all corporate evidence supporting this conclusion.

[4] This Application complies with the Court's local rules and Chambers' Standing Orders regarding *ex parte* applications. L.R. 7-19; M.J. Gandhi's Procedures and Schedules FAQ, ¶ 5.

6
**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

*America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). In addition to demonstrating irreparable prejudice, the moving party must also establish that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering*, 883 F. Supp. at 492.

Megawine's actions, coupled with its misleading claims that Tomchin and Lukina have no *current* connections to Megawine (see Dkt. No. 17, at 2-3), are not merely coincidental, but rather demonstrate an effort by Megawine to manipulate, conceal, or destroy evidence that is relevant both to the proceeding before this Court and to the underlying Russian litigation that gave rise to Desside's petition. As such, Desside is justified in its concern that any further delay in compliance with the Subpoena could lead to additional destruction of relevant and critical evidence and has therefore filed this *ex parte* Application. Desside has so far uncovered at least three instances in which evidence was altered or manipulated and misrepresented. It is justifiably concerned that other evidence has been altered, destroyed or manipulated and that such spoliation is ongoing and continuing.

The situation necessitating the *ex parte* relief requested is entirely the result of the actions of Megawine and its counsel. Desside promptly served the Subpoena on Megawine two days after this Court issued an Order authorizing the Subpoena. (Levin Decl., Ex H (Megawine Subpoena and Proof of Service).) A month prior to the Court's Order and the issuance of the Subpoena, Desside took the additional step of notifying Megawine of Desside's request for this Court to authorize the issuing of the Subpoena to Megawine and of Megawine's document retention obligations. (Levin Decl., Ex. A (Preservation Letter).) Counsel for Desside again reminded Megawine of its obligation to comply with the Subpoena on January 3, 2014, and demanded that Megawine notify Desside of its intent to comply with the Subpoena by January 6, 2014. By letter dated January 6, 2014 (Levin Decl., Ex. J), counsel for Megawine reiterated its refusal to comply with Desside's subpoena.

7

**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

Desside has made reasonable and sufficient efforts to seek compliance with the Subpoena and to ensure that Megawine preserves documents; it is Megawine's behavior in response to Desside's efforts to ensure document preservation that has created the necessity for *ex parte* relief, not any action or inaction on the part of Desside.

In addition to all the foregoing, the Russian Tribunal has set **January 20, 2014** as the date for presentation of evidence in that proceeding. Discovery here has been authorized in aid of the Russian proceeding. There is a significant risk that the relief granted by this Court on December 16, 2013 in authorizing discovery in aid of the Russian proceeding will be rendered ineffectual if Desside must proceed on 28-days' notice to remedy Megawine's unlawful refusal to obey the Subpoena.

As required by L.R. 7-19, the contact information for Megawine's counsel is as follows:

Name: Michael Machat, Machat & Associates, P.C.

Address: 433 N. Camden Drive, Ste. 400, Beverly Hills, CA 90210

Phone: (310) 860-1833

Email: michael@machatlaw.com

Counsel for Desside telephoned Megawine's counsel on January 10, 2014 at 3:30 p.m. Mr. Machat was not available. Desside's counsel left a voicemail advising Mr. Machat of the date and substance of the ex parte application. Counsel for Desside confirmed the phone message by letter emailed to Mr. Machat. A true and correct copy of the letter is attached to the Levin Declaration as Exhibit N. Our assumption is that Megawine will oppose the relief sought.

Because there is a substantial risk that Megawine will continue to take steps to conceal, modify, and/or destroy relevant evidence if given additional notice and time, and because the situation presented is solely the result of Megawine's actions and not due to Desside's action or inaction, Desside respectfully requests that this Court consider and grant the attached Motion to Compel on an *ex parte* basis.

| | |
|---|---|
| Dated:  January 10, 2014 | **BUCKLEYSANDLER LLP** |
| | By:  /s/ Fredrick S. Levin |
| | Fredrick S. Levin |
| | Richard E. Gottlieb (SBN 289370) |
| | Fredrick S. Levin (SBN 187603) |
| | 100 Wilshire Boulevard, Suite 1000 |
| | Santa Monica, CA 90401 |
| | Phone: (310) 424-3900 |
| | Facsimile: (310) 424-3960 |

9

**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION**

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Boulevard, Suite 1000, Santa Monica, California 90401.

On _January 10, 2014, I served the following document(s) described as **NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO COMPEL MEGAWINE, INC. TO COMPLY WITH THIS COURT'S LAWFUL SUBPOENA AND TO DESIST FROM FURTHER SPOLIATION OF EVIDENCE** on the interested parties in this action as follows:

Michael Machat
Machat and Associates PC
433 North Camden Drive Suite 730
Beverly Hills, CA 90210
310-860-1833
Fax: 310-860-1837
Email: Michael@machatlaw.com
*Attorneys for Megawine, Inc.*

**BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, and that I executed this document on January 10, 2014, at Los Angeles, California.

Alma Collins
Printed Name                                            Signature

1502483.7