# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DESSIDE HOLDINGS LIMITED,<br><br>              Petitioner,<br><br>vs.<br><br>MEGAWINE, INC., VADIM L. TOMCHIN, NATALIA LUKINA, GRANDPOINT BANK, and CITY NATIONAL BANK,<br><br>              Respondents. | Case No. 13-cv-08211-JAK-JCG<br><br>**ORDER GRANTING DESSIDE HOLDINGS LIMITED'S APPLICATION FOR WARRANTS FOR ARREST OF VADIM TOMCHIN AND NATALIA LUKINA** |

## I. PROCEDURAL HISTORY

This matter is before the Court on Petitioner Desside Holdings Limited's ("Desside") Notice of Vadim Tomchin's and Natalia Lukina's Failure to Purge Their Contempt [Dkt. No. 41] (the "Notice").

On February 27, 2014, upon Tomchin's and Lukina's failure to appear for depositions subpoenaed pursuant to this Court's order, Desside filed an Ex Parte Application to Compel.[1] This Court granted the Application to Compel on March 11, 2014.[2] In so doing, this Court ordered, "Vadim Tomchin and Natalia Lukina SHALL comply with the subpoenas served on them by Desside **on or before April 8, 2014**."[3] The Court also ruled that, in the event Tomchin and Lukina fail to appear for their depositions, the Court may treat this act as "contempt of court" under Fed. R. Civ. P. 37(b)(1).

Once again, Tomchin and Lukina failed to comply.[4] Desside then filed an Ex Parte Application For An Order To Show Cause Why Vadim Tomchin And Natalia Lukina Should Not Be Found In Contempt For Refusal To Comply With This Court's Order Compelling Compliance With Subpoenas Served Pursuant To This Court's Order (the "Ex Parte").[5]

This Court granted the Ex Parte and entered an Order to Show Cause on April 21, 2014.[6] In the Order to Show Cause, this Court found Tomchin's and Lukina's

---

[1] Notice of Ex Parte Application and Ex Parte Application for an Order to Show Cause Why Vadim Tomchin and Natalia Lukina Should Not Be Found in Contempt for Refusal to Comply with Subpoenas Served Pursuant to This Court's Order Or, In The Alternative, For an Order Compelling Compliance with the Subpoenas Pursuant to Fed. R. Civ. P. 37 (Dkt. Nos. 29-32) (the "Application to Compel").

[2] (In Chambers) Order Granting Ex Parte Application To Compel Depositions Of Tomchin And Lukina (Dkt. No. 33) (the "Order Granting Application to Compel")

[3] *Id.* (emphasis in original).

[4] (In Chambers) Order Granting Ex Parte Application And Order To Show Cause Why Tomchin And Lukina Should Not Be Found In Contempt [Dkt. No. 36] (the "Order to Show Cause"), p. 1.

[5] Dkt. No. 34

[6] Order to Show Cause, p. 1.

noncompliance with the subpoenas to be "willful."[7] This is because, "Tomchin and Lukina received actual notice of the Court's [Order Granting Application to Compel]."[8] Desside "not only served the Court's earlier Order at Tomchin and Lukina's last known address, but also made several other attempts to serve them, all reasonably calculated to provide actual notice."[9]

The Court scheduled a hearing for May 20, 2014 and required Tomchin and Lukina to "file a statement of cause, supported by a declaration under oath, to the Order to Show Cause, as well as their response to the facts stated in Desside's ex parte application, **on or before May 6, 2014**."[10]

Desside properly served the Order to Show Cause on Tomchin and Lukina pursuant to this Court's instructions.[11] Nonetheless, Tomchin and Lukina disobeyed the Order to Show Cause and failed to file a statement of cause, or any document whatsoever, in response.[12] Tomchin and Lukina also failed to appear for the Order to Show Cause Hearing on May 20, 2014.[13]

Accordingly, on May 27, 2014, this Court ordered that Tomchin and Lukina be held in contempt of court. This Court found, "Tomchin and Lukina have failed and refused, and are failing and refusing, to obey and comply with this Court's Orders regarding their discovery obligations and are in civil contempt of said decrees."

---

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]*Id.* at 1-2.

[11]Order Re: Plaintiff's Ex Parte Application For An Order To Show Cause Why Vadim Tomchin And Natalia Lukina Should Not Be Found In Contempt For Refusal To Comply With This Court's Order Compelling Compliance With Subpoenas Served Pursuant To This Court's Order [Dkt. No. 40] (the "Order").

[12]*Id.*

[13]*Id.*

The Order required that Tomchin and Lukina pay a sanction of $250.00 per day, per person, until they purged their contempt. The Order permitted Tomchin and Lukina to purge their contempt by complying with subpoenas served upon them and submitting to depositions. In the event that Tomchin and Lukina failed to purge their contempt within thirty days of the Order, this Court permitted Desside to request writs of body attachment, under which Tomchin and Lukina would be incarcerated until they complied with this Court's Orders.

## II.   FINDINGS OF FACT

Upon consideration of the pleadings, papers, and records on file, the Court makes the following findings of fact:

1. Desside properly served the Order on Tomchin and Lukina pursuant to the Court's instructions.

2. Thirty days have passed since the Court issued the Order.

3. Tomchin and Lukina have disobeyed the Order and failed to purge their contempt by complying with the subpoenas and submitting to depositions.

4. Tomchin and Lukina have failed to pay the Court-ordered sanctions of $250 per day, per person.

5. Pursuant to this Court's Order, the sanction began to accumulate on Wednesday, June 4, 2014.

6. As of July 14, 2014, Tomchin owed $10,000.00 in sanctions payable to the treasury of this Court.[14]

7. As of July 14, 2014, Lukina owed $10,000.00 in sanctions payable to the treasury of this Court.[15]

8. Pursuant to this Court's Order, on June 30, 2014, Desside filed the Notice requesting issuance of an arrest warrant for Tomchin and/or Lukina.

---

[14] *See* Appendix A, p. 1.

[15] *See id.*, p. 2

9. Tomchin and Lukina have had more than five months to comply with the subpoenas served on them.

10. Tomchin and Lukina have actual knowledge of these proceedings, the subpoenas, and the Court Orders.

11. Tomchin and Lukina have failed and refused, and are failing and refusing, to obey and comply with this Court's Orders regarding their discovery obligations and are in civil contempt of said decrees.

12. Tomchin and Lukina willfully disobeyed the subpoenas.

13. Tomchin and Lukina willfully disobeyed the Order Granting Application to Compel.

14. Tomchin and Lukina willfully disobeyed the Order to Show Cause.

15. Tomchin and Lukina also willfully disobeyed the Order finding them in contempt of court.

### III. CONCLUSIONS OF LAW

1. Under Fed. R. Civ. P. 37(b)(1), "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."

2. This Court possesses inherent authority to remedy Tomchin's and Lukina's contempt of court.[16]

3. Contempt can be characterized as criminal or civil.[17]

4. Criminal contempt calls for punishment; civil contempt calls for a remedy designed to compensate the injured party or to coerce the contemnor to purge his or her contempt.[18] The critical element that distinguishes civil from criminal contempt is that the contemnors must carry "the keys of their prison in their own pockets."[19]

---

[16] *Spallone v. United States,* 493 U.S. 265, 275 (1990).

[17] *See Koninklijke Philips Electronics N.V. v. KXD Technology, Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008).

[18] *Id.*

5.  The Court may order the contemnor jailed until he or she purges his or her contempt by complying with the Court's order.[20]

6.  The Court, however, must take into account the contemnor's ability to comply with the Court's order.

7.  This Court may issue a writ of body attachment for a party's failure to appear for a court-ordered deposition.[21]

8.  In the Ninth Circuit, writs of body attachment may be issued authorizing the arrest of a person where that person is responsible for the failure to comply with a court order.[22]

9.  Tomchin and Lukina have failed to purge their contempt.

10. Based upon the foregoing findings that Tomchin and Lukina willfully disobeyed the subpoenas served on them, the Order Granting Application to Compel, the Order to Show Cause, and the Order, this Court concludes that additional monetary penalties are unlikely to be effective in compelling Tomchin and Lukina to comply with this Court's Orders.

11. The issuance of writs of body attachment is the least coercive remedy remaining.

## IV. ORDER

On the foregoing findings of fact, conclusions of law, and good cause appearing:

**IT IS HEREBY ORDERED** that Desside's request for issuance of warrants of arrest for Tomchin and Lukina is GRANTED;

---

[19] *Shillitani v. United States*, 384 U.S. 364, 368 (1966).

[20] *S.E.C. v. Elmas Trading Corp.*, 824 F. 2d 732 (9th Cir. 1987) (affirming continued incarceration of individual who failed to produce records required by the court).

[21] *See Gaulden v. City of Desloge, Mo.*, 4:07CV01637 ERW, 2009 WL 690157 (E.D. Mo. Mar. 12, 2009) (ordering the issuance of a writ of body attachment in the event the defendant failed to appear for a deposition, after defendant failed to appear for his first scheduled deposition, second scheduled deposition, and hearing to show cause.)

[22] *N.L.R.B. v. Goodsell & Vocke, Inc.*, 645 F.2d 680, 681 (9th Cir. 1981).

**IT IS FURTHER ORDERED** that the attached warrants shall be issued immediately for the arrests of Tomchin and Lukina for their failure to obey the Order. The warrants for arrests for Tomchin and Lukina provide that any United States Marshal, or any person authorized by the federal government including (but not limited to) U.S. Customs and Border Control or the U.S. Immigration and Customs Enforcement to arrest and incarcerate a person pursuant to any lawfully issued arrest warrant, shall have the authority to arrest Tomchin and Lukina and incarcerate Tomchin and Lukina at the nearest federal detention center;

**IT IS FURTHER ORDERED** that Tomchin and Lukina shall be brought forthwith before this Court to determine whether they will purge themselves of this contemptuous conduct by paying the civil fines imposed by the Order and by complying with the Order;

**IT IS FURTHER ORDERED** that the United States Marshal or other arresting officer shall notify the Court and Petitioner's attorney of the fact of the arrests of Tomchin and Lukina; and

**IT IS FURTHER ORDERED** that Tomchin and Lukina shall be detained in custody until they are discharged by the Court.

DATE: July 21, 2014__          _____
                                United States Magistrate Judge

Submitted by:

**BUCKLEYSANDLER LLP**

/s/ Fredrick S. Levin

Richard E. Gottlieb (State Bar No. 289370)
Fredrick S. Levin (State Bar No. 187603)
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Phone: (310) 424-3984
Facsimile: (310) 424-3960

*Attorneys for Petitioner Desside Holdings Limited*